

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

March 5, 1957

Honorable Price Daniel
Governor of Texas
Austin, Texas

*Modified by WW-728*
*Footnote 1, page 4*

OPINION NO.  WW-46

Re:  Date for special election
to fill a vacancy in the
House of Representatives.

Dear Governor Daniel:

You have requested an opinion on whether a special
election to fill a vacancy in the office of State Representative
for the 29th District resulting from resignation of the incumbent
could be called for April 2, the date on which a special election
to fill a vacancy in the United States Senate is to be held.
You ask, further, in event the election could not be called for
April 2, what is the earliest date on which it could be held.

It is our understanding that the incumbent tendered
his resignation to you on March 3, but that it has not yet
been accepted.  Generally speaking, a vacancy in an office
caused by resignation of the incumbent does not occur until
the resignation is accepted.  <u>Sawyer v. City of San Antonio,</u>
149 Tex. 408, 234 S.W.2d 398 (1950).  However, the calling
of an election to fill a vacancy in the office would be tanta-
mount to acceptance.

You have called our attention to Sections 28 and 32
of the Texas Election Code (Articles 4.05 and 4.09, Vernon's
Election Code).  Section 32 provides that where a vacancy to
be filled by election occurs in a civil office, an election
shall immediately be ordered to fill the unexpired term, and
that the order for the election shall fix the time of the
election "not less than twenty nor more than ninety days after
the first public notice of such order."  Section 28 requires
that notice of the election be posted twenty days before the
election.  Since 27 days remain between the present date and
April 2, it is seen that under these two statutes there would
be sufficient time for these acts to be performed with reference
to an election called for April 2.  However, an election now

ordered for April 2 would have to be held as a write-in election without having the names of any candidates printed on the ballot. This would result because of the provisions of Section 32a of the Election Code (Article 4.10, Vernon's Election Code), which reads in part as follows:

"Any person desiring his name to appear upon the official ballot at any special election held for the purpose of filling a vacancy, when no party primary has been held, may do so by presenting his application to the proper authority. . . .

"Such application <u>must be filed not later than thirty (30) days before any such special election</u> . . . " (Emphasis supplied)

This statute fixes midnight of the thirty-first day preceding the election (not counting the day of the election) as the deadline for candidates to file for a place on the ballot. Att'y Gen. Op. No. WW-38 (1957). Even assuming that candidates could have filed immediately upon submission of the resignation on March 3, before it had been accepted or an election ordered to fill the vacancy, the deadline for filing would have been midnight of March 2. Clearly, if candidates are to be allowed to file for a place on the ballot, the election cannot be held on April 2.

The foregoing discussion answers your first question. Your second question concerns the earliest date on which the election could be held.

In event an election is called, it undoubtedly would be your desire to set the election for a date which will allow candidates a reasonable time in which to file for a place on the ballot. What constitutes a reasonable time is a matter within your discretion. To that time must be added the 30 days required by Section 32a. The earliest day for the election will be the thirty-first day following the deadline for filing. Assuming that the resignation were accepted and the election ordered on this date (March 5), and that you should decide that the deadline of the following Saturday midnight would allow a reasonable time for filing of applications, April 9th would be the earliest date for which the election could be called. This interval for filing is used by way of illustration only, and is not a suggestion as to what time should be allowed for that purpose. We trust that this will answer your second question sufficiently.

SUMMARY

Since candidates at a special election to fill a vacancy in an office must file their applications for a place on the ballot 30 full

days before the date of the election, a special election at which the names of candidates are to appear on the ballot cannot be called for a date earlier than the thirty-first day following the deadline for candidates to file. It is within the discretion of the authority ordering the election to determine what length of time should be allowed for the filing of applications.

Very truly yours,

WILL WILSON
ATTORNEY GENERAL

By *Mary K. Wall*
Mary K. Wall
Assistant

MKW:csb

APPROVED:

OPINION COMMITTEE

BY: H. Grady Chandler,
    Chairman